IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COURTNEY BOYD, #208921 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-961-WKW |
| | ) | |
| SHAMEKA FOSTER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is Plaintiff's Motion for Temporary Restraining Order (Doc. #11).

For the reasons discussed below, the motion will be DENIED.

A temporary restraining order may be granted without notice if "(1) it clearly appears

from specific facts . . . that immediate and irreparable injury, loss, or damage will result to

the applicant before the adverse party . . . can be heard in opposition . . . and (2) [the

applicant] certifies to the court in writing the efforts, if any, which have been made to give

notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ.

P. 65(b). A temporary restraining order has the same four elements as a preliminary

injunction, and the movant bears the burden of demonstrating that they are present. *See*

*Parker v. State Bd. Of Pardons & Parole*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).[1]

---

[1] These four elements are: "(1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury; (3) that its own injury would outweigh the injury to the nonmovant; and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999).

Plaintiff has not complied with the terms of Rule 65(b) because he did not submit an affidavit or verified complaint establishing immediate and irreparable injury nor did he show why he did not provide notice to the opposing party.  Moreover, the plaintiff has not demonstrated, or even argued, that he has a substantial likelihood of success on the merits.  Plaintiff has not demonstrated that a temporary restraining order is necessary to prevent irreparble injury.  The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel v. LePore*, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).  Here, Boyd makes conclusory claims of ongoing threats, but he does not allege any concrete facts that would support a finding of actual or imminent danger of irreparable injury.

It is ORDERED that Plaintiff's request for a temporary restraining order is DENIED.  This case is hereby REFERRED back to the United States Magistrate Judge for further proceedings.

DONE this 16th day of November, 2007.

        /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE