IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **COURTNEY BOYD, #208921,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| v. ) | |
| ) | **2:07-CV-961-WKW** |
| ) | |
| **SHAMEKA FOSTER, et al,** ) | |
| ) | |
| **Defendants.** ) | |

## SPECIAL REPORT

COMES NOW, the Defendant Shemekia Foster ("Defendant") pursuant to this Court's Order requiring the Defendant to provide a Special Report and Answer, and submits the following Special Report addressing the allegations asserted by Plaintiff Courtney Boyd ("Plaintiff"):

**I.    NARRATIVE STATEMENT OF UNDISPUTED FACTS**

    **A.    SUMMARY OF COMPLAINT & CURRENT ALLEGATIONS**

On October 2, 2006, Plaintiff filed a Complaint with this Court, alleging that the many Defendants named in the above-styled action acted with negligence and violated certain constitutional rights. (See Complaint).

As directed, the Defendant has undertaken a review of Plaintiff's claims to determine the facts and circumstances relevant thereto.[1] Defendant Foster, as mental

---

[1] The Defendant hereby submits her affidavit as Exhibit "A."

health professional, conducted an evaluation of the Plaintiff on October 2, 2007, per his repeated requests. The session was handled in a professional manner and the Plaintiff was pleased that Defendant Foster referred the Plaintiff to the psychiatrist. On October 4, 2007, the Plaintiff wrote a letter to Defendant Foster addressing some of the Plaintiff's personal issues. Upon reading the letter, Defendant Foster felt it was inappropriate because it referenced her in a non-professional manner and took certain statements made during the evaluation out of context.

It is the policy of the Alabama Department of Corrections that whenever the Defendant Foster receives a letter from an inmate that is personal in nature, the Defendant must turn it over to the Alabama Department of Corrections immediately. Defendant Foster promptly turned the letter over to Captain Jeffrey Knox, who summoned the Plaintiff to a meeting in his office. Captain Knox, the Plaintiff, and Defendant Foster discussed the letter and explained to the Plaintiff why it was inappropriate. The Plaintiff received a verbal reprimand from Captain Knox and received behavioral citations for violating Rules # 85 and 43.

The Plaintiff further alleges that following his behavioral citations, he was transferred to a "Hot Dorm", where his stress level became elevated. According to the Plaintiff, he became so stressed and depressed that he attempted suicide. He has since been treated by mental health officials with medication for his stress and depression.

1. **CURRENT ALLEGATIONS**

In his Complaint, the makes several allegations including: (1) Violation of

Freedom of Speech - 1st Amendment; (2) Violation of the 8th and 14th Amendments; and (3) Negligence.

## 2. ALLEGATIONS APPLICABLE TO SHEMEKIA FOSTER

In Plaintiff's alleged supporting facts, Plaintiff's sole allegation against Defendant Foster is that she turned over the letter to Captain Knox which resulted in his behavioral citations.

## 3. ALLEGATIONS INAPPLICABLE TO SHEMEKIA FOSTER

Though the Plaintiff groups all of the named defendants together throughout many allegations of the Complaint, it should be noted, from the outset, that Defendant Foster is not responsible for actions taken by ADOC's officers and/or other personnel. Particularly, Defendant Foster is not responsible for the Plaintiff's living conditions, providing him with proper clothing and footwear, disciplining the Plaintiff, allowing the Plaintiff to shower, exercise or drink water, or applying and/or enforcing the ADOC's administrative rules. Similarly, the Defendant is not responsible for the actions and/or inactions taken by Prison Health Services' ("PHS") physicians, nurse practitioners, and other medical personnel.

## II. DISCUSSION

### A. BARRED BY "THREE-STRIKES" PROVISION

According to 28 U.S.C.A. § 1915(g) (2007):

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

>that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

While the Court has already ruled that the Plaintiff need not prepay the entire filing fee of this litigation, it is imperative to note a dramatic misrepresentation the Plaintiff has made to this Honorable Court. Specifically, when asked: "Have you begun any other lawsuit in state or federal courts relating to your imprisonment?", the Plaintiff responded "No." Upon further investigation, the Plaintiff has in fact filed four other lawsuits since his initial incarceration:

   Boyd v. Darbouze, Civil Action No.: 2:06-cv-00511-WKW-CSC

   Boyd v. Solomon, Civil Action No.: 2:07-cv-00403-MEF-CSC

   Boyd v. Bush, Civil Action No.: 2:07-cv-00524-MEF-CSC

   Boyd v. Mosely, Civil Action No.: 2:07-cv-00672-MEF-CSC

All four of these lawsuits involve claims relating to the Plaintiff's confinement in prison and in each of these prior cases, the Plaintiff misrepresents to the Court that he has filed no other lawsuits. With this litigation history, the Plaintiff is a "frequent filer" under the Prison Litigation Reform Act and as such must meet certain requirements before he can proceed in this case. Those requirements, as set forth in the Act, have not been satisfied. Therefore, the Plaintiff's instant case is due to be dismissed under federal law.

B.    **HEIGHTENED PLEADING REQUIREMENT**

In an effort to defeat baseless claims at the earliest possible opportunity, the Eleventh Circuit requires that a Plaintiff in a civil action allege with necessary specificity facts which demonstrate a claim. *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The purpose of this requirement is to allow a defendant to

file an appropriate responsive pleading. *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 777 F.3d 364, 366 (11th Cir. 1996).

In the Complaint, the Plaintiff consistently groups Defendant Foster together with the other Defendants. Specific details of each claim, and whom may be responsible for the actions allegedly taken against the Plaintiff is completely lacking. For this reason, it is impossible to determine which allegations the Plaintiff is making against which Defendants. Therefore, Plaintiff does not meet the heightened pleading requirement and for this reason Plaintiff's Complaint, as it relates to the Defendant, is subject to dismissal.

### C. PLAINTIFF FAILS TO SATISFY HIS BURDEN OF ESTABLISHING THE EIGHTH AMENDMENT STANDARD THAT THE DEFENDANTS ACTED WITH "DELIBERATE INDIFFERENCE."

It is unquestioned that "[c]onfinement in a prison...is a form of punishment subject to scrutiny under the Eighth Amendment standards" *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981) (quoting *Hutto v. Finney*, 437 U.S. 678, 685 (1978)); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Whitley v. Albers*, 475 U.S. 312, 327 (1986), and a violation of such standards may be actionable under 42 U.S.C. § 1983.

On numerous occasions, courts have attempted to clearly define the requirements for asserting and succeeding upon an Eighth Amendment violation claim under § 1983. In *Estelle v. Gamble*, the United States Supreme Court held that an Eighth Amendment claim exists only when a prison official engages in the "unnecessary and wanton infliction of pain." 429 U.S. 97, 105 (1976); *see also Wilson v. Seiter*, 501 U.S. 294 (1991). In the context of general prison conditions, this phrase has been interpreted to mean that prison

officials must not act with "deliberate indifference." *See Farmer*, 511 U.S. at 387 (stating that deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety...").

In order for a deliberate indifference claim to prevail, Plaintiff must prove both the "objective" and "subjective" components of the Eighth Amendment standard. Specifically, Plaintiff must allege and prove that he suffered from a serious medical need, that Defendant Foster was deliberately indifferent to his needs, and that he suffered harm due to this deliberate indifference. *See Marsh v. Butler County*, 225 F.3d 1243, 1255 (11th Cir. 2000); *Palermo v. Corr. Med. Serv.*, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). It is well-established in the Eleventh Circuit that a serious medical need is a "condition that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). The burden falls upon Plaintiff to allege and prove the existence of such a condition. *See e.g. Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

Plaintiff has the additional burden of proving deliberate indifference; that is, it is required of Plaintiff to establish that Defendant Foster acted with "conscious or callous indifference." *See Daniels v. Williams*, 474 U.S. 327 (1986); *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990). As such, Plaintiff's §1983 claim cannot survive summary judgment unless he produces evidence "of [Dr. Archibald's] subjective awareness" of the

alleged medical condition and an "intentional refusal to provide...care." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999). Thus, Defendant Foster may only be liable if he had knowledge of Plaintiff's medical condition, acted intentionally or recklessly to deny and/or delay access to his care, or to interfere with treatment once prescribed. *See Estelle,* 429 U.S. at 104-105; *Hill,* 40 F.3d at 1191.

Plaintiff has not, and cannot, meet this burden. Plaintiff only states in his Complaint that Defendant Foster "negligently" turned over the letter to ADOC. Plaintiff provides no details on how or when Defendant Foster was indifferent to his medical condition. To the contrary, Defendant Foster referred the Plaintiff to the psychiatrist for further treatment.

Finally, Defendant Foster has no control over ADOC or PHS's actions following her turning over the letter. The Defendant was following prison protocol when she turned the letter over as she had deemed it personal in nature.

In conclusion, the evidence submitted with this Special Report clearly shows that Defendant Foster never intentionally or recklessly acted to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. As such, the Defendant contends that Plaintiff's allegations are frivolous, malicious, and fail to state a claim upon which relief can be granted, thereby warranting dismissal.

### D. DEFENDANT FOSTER IS ENTITLED TO QUALIFIED IMMUNITY FROM ALL CLAIMS ASSERTED BY PLAINTIFF.

The Defendant is entitled to qualified immunity from all claims asserted by Plaintiff in this action. If Plaintiff was able to show, which he has not, that the

Defendants were acting in their discretionary authority, the burden then shifts to Plaintiff to show that the Defendant violated clearly established law based on objective standards. *See Eubanks v. Gerwin*, 40 F.3d 1157, 1160 (11th Cir. 1994). Plaintiff must allege that the Defendant violated a right clearly established in a fact-specific, particularized sense. *Edwards v. Gilbert*, 867 F.2d 1271, 1273 (11th Cir. 1989), *aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County*, 5 F.3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. *Vonstein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1989)). In *Lassiter v. Alabama A&M University*, the Eleventh Circuit held that in order for qualified immunity to be defeated, preexisting law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." 28 F.3d 1146, 1151 (11th Cir. 1994).

The Defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or a District Court sitting within the Eleventh Circuit showing that, under the facts of this case, or lack thereof, it was clearly

established that the alleged actions violated Plaintiff's constitutional rights.

> **E.   PLAINTIFF'S CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT ("PLRA") BECAUSE HE FAILED TO SHOW THE EXISTENCE OF A "PHYSICAL INJURY."**

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2005).  Plaintiff's Complaint states that he cut himself.  Therefore, the only physical injury in Plaintiff's Complaint is injury that he admittedly inflicted upon himself.  As such, Plaintiff's claims are due to be dismissed.

> **F.   PLAINTIFF'S CLAIMS ARE BARRED BY THE PLRA BECAUSE PLAINTIFF FAILED TO ESTABLISH THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.**

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (2005).

There are well-established grievance procedures for any inmate who wishes to voice a complaint regarding any medical treatment he has sought or received during his incarceration at the facilities.  In his Complaint, Plaintiff never states that he filed formal grievances against this Defendant or any other of the named Defendants and has failed to produce any evidence that he attempted such procedures. As such, Plaintiff did not exhaust his administrative remedies as is required under the PLRA and  his claims are

therefore due to be dismissed.

### G. NO FIRST AMENDMENT VIOLATION

The Plaintiff vaguely alleges that his First Amendment rights were violated because he received a behavioral citation for the personal letter he send to Defendant Foster. It is important to note at the outset of this inquiry that the Eleventh Circuit has upheld the inspection and regulation of inbound and outbound prisoner mail, which is virtually identical to this matter. *See Owen v. Willie*, 117 F.3d 1235 (11th Cir. 1997). Defendant Foster interpreted the letter to be of a personal nature and personal correspondence to an employee such as Defendant Foster is prohibited per Alabama Department of Corrections. Once that determination was made by Defendant Foster, any punishment or enforcement of ADOC policy was in the hands of Captain Knox and prison officials. This is nearly identical to a prison officials review of a letter and reprimanding the prisoner based upon the content of the letter, which has been held to not be a violation of the First Amendment. *Id.* Therefore, the Plaintiff's claim of violation of the First Amendment are unfounded and due to be dismissed.

### III. <u>CONCLUSION</u>

The Plaintiff's Complaint is due to be dismissed on its face and is further disproved by the evidence now before the Court. Accordingly, the Defendant request that this Honorable Court either dismiss Plaintiff's Complaint, with or without prejudice, or, in the alternative, enter a judgment in their favor.

Respectfully submitted,

***s/Nicholas P. Hebert***
Nicholas P. Hebert - ASB-2631-038H
Attorneys for Defendant
designated as Shemeka Foster
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 Valleydale Road
Birmingham, AL 35244
Telephone: (205) 967-9675
Facsimile: (205) 967-7563
E-mail: hebert@sssandf.com

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **COURTNEY BOYD, #208921,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Action No.:** |
| v. ) | |
| ) | **2:07-CV-961-WKW** |
| ) | |
| **SHAMEKA FOSTER, et al,** ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that on <u>December 11, 2007</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to non-CM/ECF participants.

Respectfully submitted,

*<u>s/Nicholas P. Hebert</u>*

_____
Nicholas P. Hebert - ASB-2631-038H
Attorneys for Defendant
designated as Shemeka Foster
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 Valleydale Road
Birmingham, AL 35244
Telephone: (205) 967-9675
Facsimile: (205) 967-7563
E-mail: hebert@sssandf.com

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, #208921, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>SHAMEKA FOSTER, et al, )<br>)<br>Defendants. )<br>) | Civil Action No.:<br><br>2:07-CV-961-WKW |

## AFFIDAVIT OF SHEMEKIA FOSTER

COMES NOW, the Defendant Shemekia Foster ("Defendant"), and pursuant to this Court's Order requiring the Defendant to provide an affidavit in support of her Special Report and Answer, submits the following affidavit:

1. I am Shemekia Foster and I am over the age of nineteen years and have personal knowledge of the facts contained in this affidavit.

2. I am presently employed as a Mental Health Professional at Easterling Correctional Facility in Clio, Alabama.

3. On October 2, 2007, I performed an evaluation session with Inmate Courtney Boyd, per his repeated requests. The session was handled in a professional manner and Mr. Boyd was pleased that I agreed to refer him to the psychiatrist, Dr. Ferrell.

4. On October 4, 2007, Mr. Boyd sent me a letter addressing some of his personal issues, however the letter was inappropriate because it made reference to me in a non-

professional manner. The letter was also inappropriate in that it took certain questions and comments made during the evaluation session out of context.

5. Part of my guidelines and training is that whenever I receive a letter from an inmate that is personal in nature, I am to turn it over to the Alabama Department of Corrections immediately.

6. I consulted with Captain Jeffrey Knox regarding the letter. Captain Knox called Mr. Boyd into his office to discuss the letter. Mr. Boyd admitted to writing the letter and I explained to him how some parts of the letter were inappropriate and personal in nature. Captain Knox verbally reprimanded Mr. Boyd and he received a behavior citation for violation #85 - Violation of Institutional Rules and Regulations and #43 - Inmates Will Not Be Allowed to Fraternize With Disrespect to Staff by Asking Personal Questions or Write Any Staff Member a Personal Letter.

7. Based on my review of Mr. Boyd's letter and my personal knowledge of the treatment I provided, it is my opinion that at all times, I exercised the same degree of care, skill, and diligence as other similarly situated counselor would have exercised under the same or similar circumstances. Simply, it is my opinion that I adhered to the appropriate standard of care and followed Alabama Department of Correction guidelines.

Further Affiant saith not.

Shemekia Foster

STATE OF ALABAMA      )

_Barbour_ COUNTY     )

Sworn to and subscribed before me this
the _11th_ day of _December_ 2007.

_Charletta Johnson_
NOTARY PUBLIC
My Commission Expires: My Commission Expires Jan. 24, 2009