**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **COURTNEY BOYD, #208921** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.: 2:07-CV-961-WKW** |
| | ) | |
| **SHEMEKA FOSTER, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**SPECIAL REPORT OF DEFENDANTS**</u>

Come now the Defendants, **Jeffery Knox, Steve Canty** and **Dexter Baldwin** (incorrectly named as "D. Balivan"), by and through the Attorney General for the State of Alabama, Honorable Troy R. King, via undersigned counsel, and in compliance with this Honorable Court's Orders of October 26, 2007 [Doc. 5] and December 6, 2007 [Doc. 16], do hereby submit the following Special Report.

<u>**PARTIES**</u>

1.  The Plaintiff, Courtney Boyd, is an Alabama Department of Corrections inmate currently housed at Ventress Correctional Facility[1].

2.  Defendant Jeffery Knox is employed by ADOC as a Correctional Captain at Easterling Correctional Facility.

3.  Defendant Steve Canty is employed by ADOC as a Correctional Officer at the Easterling Correctional Facility.

---

[1] Plaintiff was an inmate housed at Easterling Correctional Facility at the time of filing and at all times relevant to the events alleged in his complaint.

4. Defendant Dexter Baldwin (incorrectly referenced in the complaint as "D. Balivan") is employed by ADOC as a Correctional Officer at Easterling Correctional Facility.

## DEFENDANTS' EXHIBITS

In accordance with this Court's Order, the Defendants submit the following exhibits:

1. Exhibit A – Affidavit of Jeffery Knox (including Incident Report, Disciplinary Report and Letter of Plaintiff).

2. Exhibit B – Affidavit of Steve Canty.

3. Exhibit C – Affidavit of Dexter Baldwin.

## PLAINTIFF'S ALLEGATIONS

The Plaintiff, Courtney Boyd, alleges violations of his Constitutional rights by the Defendants. Specifically, he alleges that Captain Knox and Shemekia Foster somehow violated his rights by disciplining the Plaintiff for writing a personal letter to prison personnel. The Plaintiff also alleges Officers Steve Canty and Dexter Baldwin were not responsive to his mental health condition when the Plaintiff informed them of his suicidal thoughts and that Defendants Canty and Baldwin told the Plaintiff they "need to see some blood" before they would help him.

## DEFENDANTS' RESPONSE

Defendants respond to the Plaintiff's complaint as follows:

1. Defendants deny that they have violated the Plaintiff's constitutional rights.

2. Defendants assert that the Plaintiff was allowed access to prison medical and mental health staff and was at all times given adequate medical and mental health care and was never refused medical or mental health care.

3. Defendants assert that the Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to plead facts that would support a § 1983 claim against Defendant.

5. Defendants plead the affirmative defenses of qualified and absolute immunity.

6. Defendants assert that they were never deliberately indifferent to any of the Plaintiff's serious medical or mental health needs.

7. Defendants assert that there is no genuine issue of material fact in this case and the Defendants are entitled to judgment as a matter of law.

8. Defendant asserts assumption of the risk.

9. Defendant asserts contributory negligence.

10. Defendant asserts the defense of fraud.

11. Defendants plead the general issue.

12. Defendant requests that this Honorable Court consider this report as a Motion for Summary Judgment, and rule in favor of Defendants as Plaintiff has failed to state a claim upon which relief may be granted.

## STATEMENT OF FACTS

The Plaintiff was receiving mental health counseling from prison staff counselor Shemekia Foster.  On or about October 3, 2007, Plaintiff wrote a letter to Ms. Foster which contained fraternizing language and addressed personal questions to Ms. Foster.

3

(See Copy of Plaintiff's letter attached hereto as part of Exhibit "A")   As this type of letter is a violation of prison rules, Ms. Foster immediately reported the letter to Captain Jeffery Knox on October 4, 2007.   Captain Knox called the Plaintiff into his office, verbally reprimanded the Plaintiff for writing such a letter and instituted disciplinary proceedings against the Plaintiff.   The disciplinary action caused the Plaintiff to lose visiting, phone and canteen privileges for 30 days and as a result was assigned to a restricted privileges dorm. (See report attached as part of Exhibit "A").   Plaintiff claims that as a result of being placed in the restricted privileges dorm, he began to experience increased depression and stress.   According to the Plaintiff's complaint, he was repeatedly examined by medical staff and mental health personnel for his problems on October 8, 9 and 10.  He claims that after being examined on October 10, he went back to his dorm and started having suicidal thoughts, which were allegedly related to Officers Canty and Baldwin.   Officers Canty and Baldwin deny that the Plaintiff stated he was having suicidal thoughts or that they ever told Plaintiff that they would need to see blood. Plaintiff later apparently injured himself by cutting his right arm and received medical attention, but there is no evidence that this was an attempted suicide.

## ARGUMENT

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).  Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett*, 477 U.S. 323 (1986).  Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the

movant is entitled to summary judgment. *Id.*  This case is ripe for summary judgment because the Plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendants are entitled to judgment as a matter of law.

### Sovereign Immunity

The Plaintiff has sued Defendants in their official and individual capacities. Plaintiff's claims against Defendants in their official capacity fail because the Defendants are entitled to sovereign immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See, *Edelman v. Jordan*, 415 U.S. 651, 663, (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, (1890).  The Defendants were all acting within the scope of their official duties in this instance on behalf of the State of Alabama.  To the extent that the Plaintiff has named the Defendants in their official capacities, he has sued the State of Alabama.  The State of Alabama has not waived its immunity or consented to the filing of such a suit.  The Defendants in their official capacities are absolutely immune from suit in this instance.  U.S. Const. Amend. 11; Art. I, § 14, Ala. Const.  (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against

the state.) All claims against the Defendants in their official capacities are due to be dismissed.

### Deliberate Indifference Claim

In essence, Plaintiff claims that Officers Canty and Baldwin were not attentive to the Plaintiff's medical condition or his state of mental health.  With regard to Captain Knox, the Plaintiff only alleges that his First Amendment rights were violated and does not make a deliberate indifference claim.  Plaintiff's allegations in this case do not give rise to an Eighth Amendment claim. In order for a prison official to be held liable for an inmate's medical harm, the guard must be deliberately indifferent to the inmate's condition.  To prevail on his claim, Plaintiff must prove that he had an objectively serious medical need, and that Defendants acted with deliberate indifference to that need. *Bozeman v. Orum* 422 F.3d 1265, 1271 (11th Cir. 2005). The evidence in this case can establish no such indifference.  Officers Canty and Baldwin did not know that the Plaintiff required medical or mental health treatment and therefore it would not be possible for them to have been deliberately indifferent.  The crux of Plaintiff's claim is that the officers failed respond to his claims of suicidal thoughts and that they told him they needed to see blood before they would act.   The evidence is clear that the Plaintiff did not make such statements to Officers Canty and Baldwin, and therefore the Defendants could not have possibly been deliberately indifferent.  In short, the facts are clear that the Defendants did not deliberately refuse medical or mental health treatment to the Plaintiff and were certainly not deliberately indifferent to his medical needs.

## Qualified Immunity

Captain Knox was using his discretion as an officer of Easterling when he reprimanded and disciplined the Plaintiff for violating prison rules.  Officers Canty and Baldwin were unaware of the Plaintiff's alleged need for medical or mental health treatment.   Defendants are therefore entitled to qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994).  Captain Knox was merely performing his assigned duties and ministerial tasks and in doing so is entitled to immunity from actions that are the exercise of his discretion.  The punishment of an inmate for violating prison rules cannot be a violation of the Plaintiff's Constitutional rights and Captain Knox is clearly entitled to immunity for his actions.

Monitoring inmate's health is a serious undertaking that requires the use of discretion. Plaintiff's allegation that Defendants violated his constitutional rights by not providing access to medical or mental health treatment is without merit. The record clearly shows that Plaintiff was examined on several occasions by the prison health officials, up to and including the day that Plaintiff claims that Officers Canty and Baldwin were indifferent on October 10, 2007.   Plaintiff has failed to show that Defendants knew of the Plaintiff's need for mental health treatment or that Plaintiff needed immediate medical attention.  Plaintiff has failed to allege a valid violation of his constitutional rights that would put Defendants on notice that their actions violated

clearly established law. Therefore, Defendants cannot be held personally liable for a 42 U.S.C. § 1983 civil action on a deliberate indifference claim, and are entitled to qualified immunity.

**First Amendment Claim**

Plaintiff makes a vague allegation that Captain Knox somehow violated his First Amendment rights by either reading Plaintiff's letter or punishing him for writing it. Captain Knox is clearly entitled to open and inspect any prisoner mail and this right has been upheld in *Owen v. Willie*, 117 F.3d 1235 (11th Cir. 1997). Therefore, when the letter was reported to Captain Knox as being a violation of prison rules, he had the right to inspect the letter and issue appropriate punishment. Reprimands based upon the content of a letter deemed to be a violation of prison rules cannot be a First Amendment violation, and any claims made by the Plaintiff regarding the First Amendment are due to be dismissed.

**<u>CONCLUSION</u>**

Based on the foregoing, the Defendants request that this Court dismiss the Plaintiff's complaint or enter a summary judgment for the Defendants.

RESPECTFULLY SUBMITTED,

TROY R. KING
ATTORNEY GENERAL

/s/  TODD E. HUGHES
TODD E. HUGHES
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants Knox,
Canty and Baldwin

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7374
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I certify that I have this 19th day of December, 2007, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system, and that I have further served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Courtney Boyd, #208921
Ventress Correctional Facility
PO Box 767
Clayton, AL  36016

/s/  TODD E. HUGHES
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COURTNEY BOYD, #208921         )
     Plaintiff,                )
                             )
     VS.                     )
                             )     CASE NO. 2:07-CV-961-WKW
                             )
SHEMEKIA FOSTER, et al.,       )
     Defendant (s)            )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Jeffery Knox, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is Jeffery Knox, and I am presently employed as Correctional Captain, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

On October 4, 2007, at approximately 2:37PM, Captain Jeffery Knox was informed by Mental Health Professional, Shemekia Foster, that she had received a personal letter from Inmate Boyd, Courtney, B/208921. Ms. Foster advised Captain Knox that the letter was disrespectful. At approximately 2:45PM, Captain Knox read the letter and discovered that Inmate Boyd was fraternizing with Ms. Foster. At approximately 3:20PM, Captain Knox summoned Inmate Boyd to his (Captain Knox) office. Inmate Boyd admitted to writing the letter and alleged that it was written about his Mental Health problem. Captain Knox and Ms. Foster verbally reprimanded Inmate Boyd and instructed him not to write any inappropriate letters to any staff member. Inmate Boyd was issued a Behavior Citation for violation of Rule #85-Violation of Institutional Rules and Regulations; Item #43-Inmates will not be allowed to Fraternize with disrespect to staff by asking personal questions or write any staff member a personal letter.

Inmate Boyd was assigned to the Restricted Privilege Dorm for thirty (30) days (Exhibit #1-Incident Report; Exhibit #2-Behavior Citation; Exhibit #3-personal letter).

_____
JEFFERY KNOX

SWORN TO AND SUBSCRIBED TO before me this the ___2nd___ day of
___November___, 2007.

_____
NOTARY PUBLIC

My Commission Expires: ___7-11-11___



PENGAD 800-631-6989

EXHIBIT

A

**EXHIBIT #1**

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

RECEIVED OCT 3 1 2007      # INCIDENT REPORT

| 1. Institution: **Easterling Correctional Facility** | 2. Date: **October 4, 2007** | 3. Time: **2:32PM** | 4. Incident Number: **ECF 07- 1080**   Class Code: **C** |
|---|---|---|---|

| 5. Location Where Incident Occurred: **Administrative Building** | 6. Type of Incident: **R/V #85-Violation of Institutional Rules and Regulations** |
|---|---|

| 7. Time Incident Reported: **2:45PM** | 8. Who Received Report: **Captain Jeffery Knox** |
|---|---|

**9. Victims:**     Name                    AIS
a. **N/A**           No. **N/A**
b.           No.
c.           No.

**10. Suspects:**   Name        AIS
a. **Courtney Boyd**   No. **B/208921**
b.    No.
c.    No.
d.    No.
e.    No.

**11. Witnesses:**   Name        AIS
a. **N/A**   No. **N/A**
b.    No.
c.    No.
d.    No.
e.    No.
f.    No.
g.    No.

**PHYSICAL EVIDENCE:**

12. Type of Evidence
   **N/A**

13. Description of Evidence:
   **N/A**

14. Chain of Evidence:
a. **N/A**
b.
c.
d.
e.

Easterling Imaged    Easterling QC'd
10/31/07   EC
(date)    (by)    (date)    (by)

**15. Narrative Summary:**

On October 4, 2007, at approximately 2:32PM, Ms. Shemekia Foster received a seal handwritten letter from Inmate Courtney Boyd, B/208921. Ms. Foster read the letter and found that Inmate Boyd was fraternizing with her. At approximately 2:45PM, Ms. Foster gave the letter to Captain Jeffery Knox. At approximately 3:20PM, Captain Knox summoned Inmate Boyd to his office. Captain Knox questioned Inmate Boyd about the letter. Inmate Boyd admitted to writing the letter to Ms. Foster. Captain Knox verbally reprimanded Inmate Boyd for his negative behavior. At approximately 3:40PM, Inmate Boyd was placed in Dorm C-1 (Restricted Privileges Dorm) pending a Behavior Citation for violation of rule #85-Violation of Institutional Rules and Regulations; Item #43-Inmates Will Not Be Allowed to Fraternize With Disrespect to Staff by Asking Personal Questions or Write Any Staff Member a Personal Letter (See attached letter).

Shemekia Foster, Mental Health Professional

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division      COPY to Deputy Commissioner of Operations (Class A and B ONLY)
          COPY to Institutional File                            COPY to Central Records Office

**ADOC Form 302-A – June 1, 2005**



## ALABAMA DEPARTMENT OF CORRECTIONS
## MAJOR INSTITUTIONS - BEHAVIOR CITATION

INMATE    **Courtney Boyd**    AIS#    **B/208921**    CELL/DORM/BED#    **C2-24A**

FACILITY    **Easterling C. F.**    JOB ASGMT:    **Unassigned**    CUSTODY:    **Medium**

The above named inmate is cited by    **Ms. Shemekia Foster, MHP**    for the following violation (s) of institutional / departmental rule (s)  is described:  **R/V #85-Violation of Institutional Rules and Regulations - Rule #43-Inmate Will Not Be Allowed To Fraternize With or Disrespect Staff By Asking Personal Questions or Write Any Staff Member a Personal Letter.**
**You, Inmate Courtney Boyd, B/208921, did write a personal letter to staff member, Ms. Shemekia Foster.**

Date of infraction:    **4-Oct-07**    Time of Infraction:    **2:32PM**
Location of Infraction:    **Administration Building**

Ms. Shemekia Foster, MHP    _Ms. Foster, MHP_
                                            Citing Employee's Signature/Date

*********************************************************************************

I have investigated the circumstances surrounding this citation and recommend that the following sanction (s) be taken against this inmate:

( )    Counseling/Warning  ( **x** )  Loss of Telephone Privileges for    **30**    days
( **x** )    Loss of Canteen Privileges for    **30**    days    ( )    Removal from Incentive Program
( **x** )    Loss of Visiting Privileges for    **30**    days    ( )    Removal from Hobby Crafts Prg.
( )    Extra Duty for    _____    days at    _____ hours per day under supervision of    _____
( )    Removal from good time earning status    ( **x** )    **30**    days assigned to Restricted
( )    Referral to Classification for custody review    Privilege Dorm.

_Refused To Sign / Bobby Lingo CO 10/11/07_    _Sgt. ___ 10/11/07_
Inmate's Signature/AIS Date    Shift Supervisor's Signature/Title/Date

*********************************************************************************

After having reviewed this citation and the recommended sanction (s) presented, the following action is approved:

( ✓ )    Citation and sanctions are approved
( )    Citation and sanctions are approved as modified below:

( )    Citations and sanctions are disapproved and formal disciplinary action is to be
        immediately initiated under the provisions of ADOC AR 403.
( )    Citations and sanctions are disapproved.  Expunge action from inmate's file.

_10/4/07_    _10/12/07_
Effective Date of Sanctions    Warden/Designee's Signature/Date

*********************************************************************************

Inmate's receipt of completed action:    _REFUSED TO SIGN D. Jaspor, CO_
                                            Inmate's Signature/AIS/Date    _10-13-07_

Serving Officer's Initials:    _DF_

*********************************************************************************

Distribution:    ( ) Captain    ( ) Shift Cmdr    _____ Shift    ( ) Business Office    ( ) ICS
(As Required)    ( ) Psychologist    ( ) Classification    ( ) Central Records    ( ) File

Annex A to AR 414

EXHIBIT #3

Easterling Imaged    Easterling QC'd    Date 10-3-07

10|31|07  EC  _____  _____    Time 12:30 pm
(date)  (by)   (date)   (by)

Dear Ms. Foster,

Greeting, I'm writing you, under patient & Counsel Rights. Well you asked 3 question, Which I will answer for you. Your first question was I in love with you? No. But DO I Like you as a person, yes. A men will be Crazy not to find you beautiful. The word "In love", is very serious, and I think you don't Know the difference between the too. Like I talk about in my book, "My Definition Of LOVE". To say you are in love, with Some one means, that you trust that person, with your life. To be in love, you must have a good Communication, SKILL with that person, also you must enjoy spending quality time with that person, and you must trust that person with your heart & life, and you will not be afraid, to tell that person your most deepest Secret. Now the word love, is Samples, Because you are only telling Someone you care about them. So the answer to your question is, that NO. I'm not in love with you, but yes I love you as a black woman, so that why I enjoy talking with you, because you are not sent a yes person. But you Say what's on your mind. (2) Do I Date men? No. But when I was younger, my grandma. said that my babysitter did Sexual Abuse me. I don't Know why I'm telling you this. My whole life has been "fuck up, but I guess, that the way, it is. But I have taking step to better myself, I receved my G.E.D. & Learns the law.

Page 1

I have also receive a Degree from Financial pace University. I have been fighting my Criminal Case for the last 9 years. I have gotten some people ad, but don't get my own self out. So my answer to your question is NO, I Don't Date Man, and yes I'm a very good keeper. I Don't trust many woman, because of what happen to me with my babysitter. I have not seen my mother in the while time I been incarcerated, So that's another reason I don't trust woman. It's sad to say, but I don't want to date any more Black woman, because I feel that they don't want nothing out life. If I'm wrong please let me know, but I still feel this every. There is something I wanted to tell ya, but I Can't due to my you knowing. I thank god, that he has allowed me to find you, because it feel good to talk about my Childhood! (3) you ask do I feel stress, yes I do, but I think it came from being incarcerated and not having a woman. I was only 17 years old, when I came to prison, and now I'm 26 years old with no Children, no woman. You see that's all I want out of life, is a good woman and have me some children, then my stress problem will be no more. I was always told, don't talk about someone, if you are not good to help them! I would love to have been seen you on the street, and then I Could have asked you out being that you seem like a very good woman, until you get mad. But don't take this the wrong way I will be Crazy not to want to have you for a wife, because you don't find to many Black woman who don't try to live off a man with money. So thank you for your time on this matter, It help me out a lot.



"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

Ms. Foster/Mental Health

Easterling Imaged    (date)    (by)

Easterling QC'D    (date)    (by)

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COURTNEY BOYD, #208921          )
    Plaintiff,              )
                                )
    VS.                     )
                                )          CASE NO. 2:07-CV-961-WKW
                                )
SHEMEKIA FOSTER, et al.,        )
    Defendant (s)           )

### AFFIDAVIT

    Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Steven Canty, who being known to me and being by me duly sworn, deposes and says under oath as follows:

    My name is Steven Canty, and I am presently employed as Correctional Officer, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

    In response to Inmate Courtney Boyd's, B/208921, allegations that he (Inmate Boyd) approached me and stated that he was having suicidal thoughts are untrue. Inmate Boyd also stated in his compliant that Officer Dexter Baldwin and myself stated to him we wanted to see blood. At no time did I make this statement. Inmate Boyd's allegations are false.

_____
STEVEN CANTY

SWORN TO AND SUBSCRIBED TO before me this the ___7th___ day of
___Nov._____, 2007.

_____
NOTARY PUBLIC

My Commission Expires: ___9/11/2011___

EXHIBIT
B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COURTNEY BOYD, #208921 )
    Plaintiff, )
     )
    VS. )
     )    CASE NO. 2:07-CV-961-WKW
     )
SHEMEKIA FOSTER, et al., )
    Defendant (s) )

### AFFIDAVIT

    Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Dexter Baldwin, who being known to me and being by me duly sworn, deposes and says under oath as follows:

    My name is Dexter Baldwin, and I am presently employed as Correctional Officer, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

    I, Officer Dexter Baldwin, at no time stated to Inmate Courtney Boyd, B/208921, that I wanted to see blood. Inmate Boyd is making false allegations by stating that he reported to Officer Steven Canty and myself that he was having suicidal thoughts.

DEXTER BALDWIN

SWORN TO AND SUBSCRIBED TO before me this the 9 day of Nov , 2007.

NOTARY PUBLIC

My Commission Expires: 8/26/2011

EXHIBIT
C