IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, #208921, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-961-WKW |
| | ) |
| SHAMEKA FOSTER, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION**

Upon thorough consideration of the motion for discovery filed by the plaintiff on December 28, 2007 (Court Doc. No. 26), and for good cause, it is

ORDERED that:

1. This motion be and is hereby GRANTED to the extent the plaintiff requests that defendant Foster identify her employer.

2. This motion be and is hereby GRANTED to the extent the plaintiff seeks production of (i) the incident report of October 10, 2007, and (ii) the October 10, 2007 body chart prepared on the plaintiff.

3. This motion be and is hereby GRANTED to the extent the plaintiff seeks access to his mental health records relative to this cause of action.

4. This motion be and is hereby DENIED in all other respects as the plaintiff seeks information which (i) is cumulative or duplicative in nature to information provided in the

special report(s), and/or (ii) is irrelevant to a determination of the constitutional issues before this court.

5. On or before January 30, 2008, counsel for the correctional defendants shall file with the court and furnish to the plaintiff copies of the documents identified in ¶2 of this order.

6. On or before January 30, 2008, counsel for defendant Foster shall file a response in which he identifies this defendant's employer.

7. On or before January 30, 2008, the defendants shall allow the plaintiff to inspect and/or copy documents in his mental health file generated from August of 2007 until November of 2007. **The plaintiff is hereby informed that neither prison, medial nor mental health officials are required to provide him with copies of documents without prepayment of all costs associated with producing the copies**. **Thus, if the plaintiff seeks to obtain photocopies of documents contained in his records, he must make prepayment to the appropriate official of all costs related to producing the copies.** The plaintiff is advised that: (i) he may utilize any means available to produce the requisite copies including, but not limited to, handwritten copies of the evidentiary materials he seeks to retain for himself and/or submit to this court; and (ii) he must procure any and all copies of the necessary documents upon being given access to such documents in accordance with this order. **The plaintiff is therefore cautioned that no further orders**

**will be entered requiring additional access to his mental health records unless he is able to establish that exceptional circumstances warrant additional production of these documents**.

Done this 10th day of January, 2008.

/s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE