IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **COURTNEY BOYD, #208921,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| v. ) | |
| ) | **2:07-CV-961-WKW** |
| ) | |
| **SHAMEKA FOSTER, et al,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER OF SHEMEIKA FOSTER

COMES NOW, Defendant Shemekia Foster ("Defendant") and for her Answer to the Complaint filed by Plaintiff Courtney Boyd, ("Plaintiff"), states as follows:[1]

### FACTUAL ALLEGATIONS

1. Defendant admits Plaintiff filed this lawsuit alleging that his rights under the 1st, 8th, 14th Amendments to the United States Constitution have been violated. Defendant denies that any such rights have been violated and demands strict proof thereof.

2. Defendant denies that the Plaintiff has never filed a prior lawsuit relating to his imprisonment and demands strict proof thereof.

3. Defendant admits that on October 4, 2007, she received a letter from Plaintiff and that this letter was disclosed to co-Defendant Knox per Alabama Department of Corrections regulations. The Defendant denies the remainder of the allegations concerning this letter and demands strict proof

---

[1] The Defendant hereby adopts and incorporates her Special Report previously filed in this matter and asserts all defenses set forth therein.

thereof.

4. Defendant denies the remaining allegations contained in page 1 and demands strict proof thereof.

5. Defendant denies the remaining allegations contained in Pages 2 through 3 and demands strict proof thereof.

### PRAYER FOR RELIEF

6. Defendant denies each and every prayer for relief set forth in Plaintiff's Complaint. Likewise, Defendant states that Plaintiff is not entitled to any of the requested relief. To the extent the Complaint makes any allegations of material fact, Defendant denies such allegations and demands strict proof thereof.

### DEFENSES

#### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

Plaintiff's claims are barred by the statute of limitations.

#### Third Defense

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

#### Fourth Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

#### Fifth Defense

Plaintiff's actions are barred by the doctrine of waiver.

#### Sixth Defense

Plaintiff's claims are barred by the doctrine of laches.

**Seventh Defense**

Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom Defendant is not responsible.

**Eighth Defense**

Plaintiff's claims are barred by the doctrine of qualified immunity.

**Ninth Defense**

Plaintiff's claims are barred by the doctrine of sovereign immunity.

**Tenth Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Eleventh Defense**

This Court lacks subject matter jurisdiction over this dispute.

**Twelfth Defense**

This Court is the improper venue in which to assert this action.

**Thirteenth Defense**

Plaintiff lacks standing to bring this action.

**Fourteenth Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

**Fifteenth Defense**

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

**Sixteenth Defense**

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

**Seventeenth Defense**

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged

wrongs asserted against Defendant.

**Eighteenth Defense**

Plaintiff's claims are barred because Defendant did not breach any duty Defendant allegedly owed to Plaintiff.

**Nineteenth Defense**

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between Defendant's actions and/or inactions and Plaintiff's alleged injuries and damages.

**Twentieth Defense**

Plaintiff's claims are barred because of the existence of superceding, intervening causes.

**Twenty-First Defense**

Plaintiff has failed to exhaust administrative remedies. 42 U.S.C. § 1997e(a) (2005).

**Twenty-Second Defense**

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

**Twenty-Third Defense**

Plaintiff's claims are barred because no personal, physical injury has been alleged and/or suffered by Plaintiff. 42 U.S.C. § 1997e(e) (2005).

**Twenty-Fourth Defense**

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A) (2005).

**Twenty-Fifth Defense**

Plaintiff's claims are barred because Defendant did not act with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

**Twenty-Sixth Defense**

Plaintiff's claims are barred because he has failed to comply with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

**Twenty-Seventh Defense**

Plaintiff's claims are barred because he is seeking to question a medical judgment via injunctive relief.

**Twenty-Eighth Defense**

To the extent Plaintiff seeks to recover attorney's fees, Defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

**Twenty-Ninth Defense**

Plaintiff's claims for punitive damages violate Defendant's United States and Alabama constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

**Thirtieth Defense**

Defendant reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted on this the 15th day of January, 2008.

*s/Nicholas P. Hebert*
Nicholas P. Hebert - ASB-2631-038H
Attorneys for Defendant
designated as Shemeka Foster
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 Valleydale Road
Birmingham, AL 35244
Telephone: (205) 967-9675
Facsimile: (205) 967-7563

E-mail: hebert@sssandf.com

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **COURTNEY BOYD, #208921,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   **Civil Action No.:** |
| **v.** | ) |
| | )   **2:07-CV-961-WKW** |
| _____ | ) |
| **SHAMEKA FOSTER, et al,** | ) |
| | ) |
|     **Defendants.** | ) |

## CERTIFICATE OF SERVICE

    This is to certify that on January 15, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to non-CM/ECF participants.

    Respectfully submitted,

    *s/Nicholas P. Hebert*
    _____
    Nicholas P. Hebert - ASB-2631-038H
    Attorneys for Defendant
    designated as Shemeka Foster
    SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
    2450 Valleydale Road
    Birmingham, AL 35244
    Telephone: (205) 967-9675
    Facsimile: (205) 967-7563
    E-mail: hebert@sssandf.com