IN THE UNITRED STATES MIDDLE DISTICT OF ALABAMA

Courtney Boyd #208921
Plaintiff

Vs.
SHEMEKA FOSTER et.al.,
Defendants

Case No:2:07-CV-961-WKW

### MOTION TO ADOPT THE TRAVERSE FILED DECEMBER 28,2007 Insupport With The Traverse Being Filed February 27,2008:

Comes Now, The Plaintiff, Courtney Boyd, moves into this Honorable Court to adopt the traverse filed on December 28,2007, with the traverse filed February 27,2008. The Plaintiff adopt this traverse in Exhibit "s insupport of the traverse being filed on February 27,2008. So that his claim may be proven.

Also the plaintiff will like to point out that the Defendant Canty and Baldwin, did not write an incident, because they knew that they was wrong for telling the plaintiff to cut himself, just to get some Mental Health help. See Exhibit A, which is a copy of DOC Rules and Regulations which shows that the Defendants should have filing an incident report on OCt.10,2007.

**WHEREFORE**, The Plaintiff prays that this Honorable Court Will grantthis Motion and adopt this traverse filed on December 28,2007.

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Defendants Counsel, by placing it into Ventress Corr.Fac. Mail Box on:February 27,2008.

Courtney Boyd #208921

PAGE 1


**BOB RILEY**
GOVERNOR

# State of Alabama
# Alabama Department of Corrections


**DONAL CAMPBELL**
COMMISSIONER

301 S. Ripley
P. O. Box 301501
Montgomery, AL 36130

7:03-cv-1780 CLS-TMP
Boyd vs Bates, et al.
September 2006

**Plaintiff Trial Exhibit 055**

August 11, 2004

ADMINISTRATIVE REGULATION         OPR: I & I
NUMBER                300

## INVESTIGATIONS AND INTELLIGENCE DIVISION

I. **GENERAL**

   This Alabama Department of Corrections (ADOC) Administrative Regulation (AR) establishes responsibilities, policies, and procedures for the Investigations and Intelligence Division.

II. **POLICY**

   The policy of the ADOC is to conduct all investigations in a fair and impartial manner, maintain confidentiality in all investigations, and protect the constitutional rights of all individuals subjected to investigation.

III. **DEFINITION(S) AND ACRONYM(S)**

   A. <u>Normal duty hours</u>:   8am to 5pm, Monday through Friday, excluding holidays.

   B. <u>I & I</u>: Investigation and Intelligence Division.

   C. <u>Serious physical injury</u>: Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.

IV. **RESPONSIBILITIES**

   A. The Director of the Investigations and Intelligence (I & I) Division shall be responsible only to the Commissioner/designee for the administration and supervision of the Division on accordance with the provisions of this AR.

*Exh A"*

B. The Assistant Director shall assist in the supervision of I & I personnel and shall perform investigative, administrative, and other duties as assigned by the Division Director.

C. The I & I Division shall thoroughly investigate all reported violations of law to include misdemeanors, felonies, and internal affairs relating to ADOC employees, inmates, institutions, and divisions as directed by the Commissioner/designee or requested by a Warden/Director.

V. **PROCEDURES**

A. During normal duty hours, the following type incidents are to be reported to the I & I Division by the institutional officials as soon as practicable after the incident occurs. After normal business hours, the investigator on-call will be notified through the regional Central Control, in region where the incident occurred. (See AR 302, Incident Reporting.

1. All inmate deaths.

2. Assault of inmate involving serious physical injury and hospitalization.

3. Use of force by an officer or employee resulting in serious physical injury to the inmate.

4. Assault by inmates upon correctional personnel or an employee resulting in serious physical injury or death.

5. Escapes where force or violence occurred, hostages were taken, firearms or other weapons were used, or where external or internal assistance was known or suspected to have been afforded the escapee(s).

6. Incidents as required by the ADOC AR 302.

B. Investigation of the above listed incidents will be initiated immediately by the I & I Director and investigative reports will be distributed as follows (Refer to Annex A and B):

1. Commissioner or designee.

2. Deputy Commissioners or Institutional Coordinator, as appropriate.

3. District Attorney of county having jurisdiction.

4. Other law enforcement agencies and courts, as deemed necessary or required by law.

      5.    Other persons or agencies as determined by the I & I Director.

C.    Copies of medical reports, treatment log, and any other medical documentation will be attached to all ADOC Form 601(s), Incident Reports, when injuries to officers, employees, or inmates occur, regardless of the extent of injuries.

D.    Statements from officers, employees, inmates, and/or other witnesses having knowledge, will be attached to the incident report(s) when a serious incident occurs or one involving serious physical injury.

E.    ADOC Form 602, Incident Report Continuation Sheet, will be used if additional space is needed to complete the report.

F.    The I & I Division shall:

1.    Investigate/conduct all investigations utilizing those investigative techniques and procedures applicable and coordinated with other law enforcement agencies having jurisdiction as necessary.

2.    Investigate all violations of law otherwise discovered, and where applicable, refer such violations to the District Attorney having jurisdiction.

3.    Keep accurate records of all reported incidents of violence, assaults, and other offenses punishable under the laws of Alabama along with the final disposition of such incidents.

4.    Conduct internal affairs investigations as directed by the Commissioner/designee. The Deputy/Associate Commissioners and Wardens may make requests for internal affairs investigations. When such requests occur, the I & I Director will initiate the investigation and notify the Commissioner of the person requesting the investigation and the nature of the investigation.

5.    Conduct escape monitoring and ensure all reasonable and practical means are employed to effect the capture of escapees.

6.    Conduct pre-employment investigations of candidates for employment when requested by the Director of Personnel.

7.    Conduct other investigations and assignments as directed by the Commissioner/designee.

## VI.   DISPOSITION

PX055.003

Any forms will be disposed of and retained according to the Departmental Records Disposition Authority (RDA).

VII. **FORMS**

There are no forms prescribed in this regulation.

VIII. **SUPERCEDES**

This regulation supercedes AR 300, dated August 28, 1985.

IX. **PERFORMANCE**

Code of Alabama 1975, 14-3-9.

ANNEX(s):

Annex A – Internal Investigations Distribution List

Annex B – ADOC Investigations and Intelligence Division Report Distribution

*[signature]*
Donal Campbell, Commissioner

7:05-cv-1780 CLS-TMP
Boyd vs Bates, et al.
September 2006

Plaintiff Trial Exhibit 056

PLAINTIFF'S
EXHIBIT
3
Wells



STATE OF ALABAMA

DEPARTMENT OF CORRECTIONS

Research, Monitoring, & Evaluation
Post Office Box 301501
Montgomery, Alabama 36130-1501

Don Siegelman
GOVERNOR

Michael W. Haley
COMMISSIONER

April 6, 1999

ADMINISTRATIVE REGULATION          OPR: I & I
NUMBER              302

INCIDENT REPORTING

I. **GENERAL**

This regulation establishes policy and procedures for recording incidents which involve the Department of Corrections employees and inmates.

II. **POLICY**

A. The following types of incidents will be reported to the Director, Investigation & Intelligence Division (I&I) or the appropriate I & I Division Office as soon as practicable after the incident occurs.

1. All inmate deaths

2. All assaults involving serious injuries

3. Escapes where violence occurred, hostages were taken, guns or other weapons were used or where external or internal assistance was known or suspected to have been afforded.

4. Taking of hostages for any purpose

5. Riots or disturbances

6. Use or discharge of firearms

7. All incidents involving use of force which results in serious injury

*Exh. B*

8. Other serious incidents requiring immediate investigation

Incidents are to be reported using the following area guidelines:

| | | |
|---|---|---|
| Central Alabama Institutions | notify | Central I & I Office or Staton Communications Center |
| South Alabama Institutions | notify | Atmore I & I Office or Fountain Communications Center |
| Birmingham Area Institutions | notify | St. Clair I & I Office or St. Clair Communications Center |
| Limestone Area Institutions | notify | Limestone I & I or Limestone Communications Center |

After hours, on weekends, and holidays, the on-duty investigator will be notified of incidents through the appropriate correctional communications center (Staton, Fountain, Limestone, St. Clair).

Written follow-up reports for the above type incidents will be made within forty-eight (48) hours using a Department of Corrections Form 601.

B. If an escape occurs, institutional officials are responsible for notifying law enforcement agencies having jurisdiction and securing warrants. The I & I Division is responsible for notifying and coordinating all other felony investigations with outside law enforcement agencies.

C. The following types of incidents will be reported by heads of institutions using a Department of Corrections Form 601, (Institutional Incident Report) (Annex A). Investigations of these incidents will be made at the discretion of the Commissioner or I & I Director. Any Investigations will be in accordance with **Title 14 Chapter 3 Section 9 Code of Alabama 1975**

1. All Assaults involving minor injuries, thefts, etc., and other offenses punishable under the laws of Alabama or under the laws of the United States.

2. Promoting Prison Contraband I and II.

3. Escapes or attempted escapes.

   a. The officer preparing the incident report on an inmate escapee will have the report notarized at the time it is written. Such action provides the Department of Corrections with a sworn statement that the committee chairperson must use as documentary evidence – NOT HEARSAY – to support and defend entries made in the incident report. This evidence becomes invaluable in those instances where the officer concerned is no longer employed in the correctional system at the time the inmate is recaptured. (AR 403)

2

AR 302-April 6, 1999

PX056.002

    b.    The incident report should answer fundamental questions that arise frequently in circuit court inmate appeal cases.

    For Example:

    (1)    Did the officer give escapees permission to leave the job site, city, county, or state?
    (2)    Did the work supervisor give escapee permission to leave?
    (3)    Did the escapee report that his/her life was in danger and receive no action?

    c.    The officer writing the incident report should have personal knowledge (to the maximum extent possible) of facts of the escape. Copies of arrest reports, statements of arresting officers, etc., should be attached to the incident report.

4. Destruction of state or private property.

5. Wrecks involving state-owned vehicles

6. Strikes, work stoppages, riots or other disturbances.

7. Shakedowns of institutions

8. Any use of force by correctional personnel. (use of force involving injury will be reported within 48 hours)

9. Use of chemicals mace, tear gas, etc., or other control media applied to inmates.

10. Use or discharge of firearms.

11. Accidental injuries.

12. The lodging of written complaints against correctional personnel or inmates.

13. Any charges brought against correctional personnel resulting from criminal acts. The arrest of any employee. (on or off duty)

14. Attempts by an inmate or inmate's family to bribe an officer or employee.

15. Any other matter or circumstance as prescribed by the Commissioner.

16. Any other serious or unusual incident occurring within the Department of Corrections.

D.    The Director of I & I shall report all known incidents involving criminal conduct or acts punishable under the laws of Alabama to the proper district attorney, **Title 14-3-9, <u>Code of Alabama 1975.</u>**

PX056.003