**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **COURTNEY BOYD, #208921,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | **2:07-CV-961-WKW** |
| _____ | ) | |
| **SHAMEKA FOSTER, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## SPECIAL REPORT AND ANSWER

---

COMES NOW, the Defendant Mental Health Management Services, Inc.,

("MHM") pursuant to this Court's Order requiring the Defendant to provide a Special

Report and Answer, and submits the following Special Report addressing the allegations

asserted by Plaintiff Courtney Boyd ("Plaintiff"):

### *SPECIAL REPORT*

## I.    NARRATIVE STATEMENT OF UNDISPUTED FACTS

### A.    SUMMARY OF COMPLAINT & CURRENT ALLEGATIONS

On October 2, 2006, Plaintiff filed a Complaint with this Court, alleging that the

many Defendants named in the above-styled action acted with negligence and violated

certain constitutional rights. (See Complaint).

As directed, MHM has undertaken a review of Plaintiff's claims to determine the

facts and circumstances relevant thereto.[1] Defendant Foster, as mental health professional, conducted an evaluation of the Plaintiff on October 2, 2007, per his repeated requests. The session was handled in a professional manner and the Plaintiff was pleased that Defendant Foster referred the Plaintiff to the psychiatrist. On October 4, 2007, the Plaintiff wrote a letter to Defendant Foster addressing some of the Plaintiff's personal issues. Upon reading the letter, Defendant Foster felt it was inappropriate because it referenced her in a non-professional manner and took certain statements made during the evaluation out of context.

It is the policy of the Alabama Department of Corrections that whenever the Defendant Foster receives a letter from an inmate that is personal in nature, the Defendant must turn it over to the Alabama Department of Corrections immediately. Defendant Foster promptly turned the letter over to Captain Jeffrey Knox, who summoned the Plaintiff to a meeting in his office. Captain Knox, the Plaintiff, and Defendant Foster discussed the letter and explained to the Plaintiff why it was inappropriate. The Plaintiff received a verbal reprimand from Captain Knox and received behavioral citations for violating Rules # 85 and 43.

The Plaintiff further alleges that following his behavioral citations, he was transferred to a "Hot Dorm", where his stress level became elevated. According to the Plaintiff, he became so stressed and depressed that he attempted suicide. He has since been treated by mental health officials with medication for his stress and depression.

---

[1] The Defendant hereby submits the affidavit of Deborah Crook as Exhibit "A."

1.     **CURRENT ALLEGATIONS**

In his Complaint, the makes several allegations including: (1) Violation of

Freedom of Speech - 1st Amendment; (2) Violation of the 8th and 14th Amendments; and

(3) Negligence.

2.     **ALLEGATIONS APPLICABLE TO MHM**

In Plaintiff's alleged supporting facts, Plaintiff's sole allegation against MHM is it

is the employer of Defendant Foster and as such is liable for her actions.

3.     **ALLEGATIONS INAPPLICABLE TO MHM**

Though the Plaintiff groups all of the named defendants together throughout many

allegations of the Complaint, it should be noted, from the outset, that MHM is not

responsible for actions taken by ADOC's officers and/or other personnel. Particularly,

MHM is not responsible for the Plaintiff's living conditions, providing him with proper

clothing and footwear, disciplining the Plaintiff, allowing the Plaintiff to shower, exercise

or drink water, or applying and/or enforcing the ADOC's administrative rules.  Similarly,

the Defendant is  not responsible for the actions and/or inactions taken by Prison Health

Services' ("PHS") physicians, nurse practitioners, and other medical personnel.

II.     **DISCUSSION**

A.     **BARRED BY "THREE-STRIKES" PROVISION**

According to 28 U.S.C.A. § 1915(g) (2007):

> "In no event shall a prisoner bring a civil action or appeal a  judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States

> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury."

While the Court has already ruled that the Plaintiff need not prepay the entire filing fee of this litigation, it is imperative to note a dramatic misrepresentation the Plaintiff has made to this Honorable Court. Specifically, when asked: "Have you begun any other lawsuit in state or federal courts relating to your imprisonment?", the Plaintiff responded "No." Upon further investigation, the Plaintiff has in fact filed four other lawsuits since his initial incarceration:



      *Boyd v. Darbouze*, Civil Action No.: 2:06-cv-00511-WKW-CSC

      *Boyd v. Solomon*, Civil Action No.: 2:07-cv-00403-MEF-CSC

      *Boyd v. Bush*, Civil Action No.: 2:07-cv-00524-MEF-CSC

      *Boyd v. Mosely*, Civil Action No.: 2:07-cv-00672-MEF-CSC

All four of these lawsuits involve claims relating to the Plaintiff's confinement in prison and in each of these prior cases, the Plaintiff misrepresents to the Court that he has filed no other lawsuits. With this litigation history, the Plaintiff is a "frequent filer" under the Prison Litigation Reform Act and as such must meet certain requirements before he can proceed in this case. Those requirements, as set forth in the Act, have not been satisfied. Therefore, the Plaintiff's instant case is due to be dismissed under federal law.

## B.    HEIGHTENED PLEADING REQUIREMENT

In an effort to defeat baseless claims at the earliest possible opportunity, the Eleventh Circuit requires that a Plaintiff in a civil action allege with necessary specificity facts which demonstrate a claim. *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The purpose of this requirement is to allow a defendant to

file an appropriate responsive pleading. *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 777 F.3d 364, 366 (11th Cir. 1996).

In the Complaint, the Plaintiff consistently groups the Defendants together. Specific details of each claim, and whom may be responsible for the actions allegedly taken against the Plaintiff is completely lacking. For this reason, it is impossible to determine which allegations the Plaintiff is making against which Defendants. Therefore, Plaintiff does not meet the heightened pleading requirement and for this reason Plaintiff's Complaint, as it relates to the Defendant, is subject to dismissal.

### C.   PLAINTIFF FAILS TO SATISFY HIS BURDEN OF ESTABLISHING THE EIGHTH AMENDMENT STANDARD THAT THE DEFENDANTS ACTED WITH "DELIBERATE INDIFFERENCE."

It is unquestioned that "[c]onfinement in a prison...is a form of punishment subject to scrutiny under the Eighth Amendment standards" *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981) (quoting *Hutto v. Finney*, 437 U.S. 678, 685 (1978)); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Whitley v. Albers*, 475 U.S. 312, 327 (1986), and a violation of such standards may be actionable under 42 U.S.C. § 1983.

On numerous occasions, courts have attempted to clearly define the requirements for asserting and succeeding upon an Eighth Amendment violation claim under § 1983. In *Estelle v. Gamble*, the United States Supreme Court held that an Eighth Amendment claim exists only when a prison official engages in the "unnecessary and wanton infliction of pain." 429 U.S. 97, 105 (1976); *see also Wilson v. Seiter*, 501U.S. 294 (1991). In the context of general prison conditions, this phrase has been interpreted to mean that prison

officials must not act with "deliberate indifference." *See Farmer*, 511 U.S. at 387 (stating that deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety...").

In order for a deliberate indifference claim to prevail, Plaintiff must prove both the "objective" and "subjective" components of the Eighth Amendment standard. Specifically, Plaintiff must allege and prove that he suffered from a serious medical need, that MHM was deliberately indifferent to his needs, and that he suffered harm due to this deliberate indifference. *See Marsh v. Butler County*, 225 F.3d 1243, 1255 (11th Cir. 2000); *Palermo v. Corr. Med. Serv.*, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). It is well-established in the Eleventh Circuit that a serious medical need is a "condition that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). The burden falls upon Plaintiff to allege and prove the existence of such a condition. *See e.g. Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

Plaintiff has the additional burden of proving deliberate indifference; that is, it is required of Plaintiff to establish that MHM acted with "conscious or callous indifference." *See Daniels v. Williams*, 474 U.S. 327 (1986); *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990). As such, Plaintiff's §1983 claim cannot survive summary judgment unless he produces evidence "of [MHM's] subjective awareness" of the alleged

medical condition and an "intentional refusal to provide...care." *Campbell v. Sikes*, 169

F.3d 1353, 1364 (11ᵗʰ Cir. 1999). Thus, MHM may only be liable if it had knowledge of

Plaintiff's medical condition, acted intentionally or recklessly to deny and/or delay access

to his care, or to interfere with treatment once prescribed. *See Estelle,* 429 U.S. at 104-

105; *Hill,* 40 F.3d at 1191.

     Plaintiff has not, and cannot, meet this burden.  Plaintiff only states in his

Complaint that MHM, through Defendant Foster, "negligently" turned over the letter to

ADOC.  Plaintiff provides no details on how or when Defendant Foster was indifferent to

his medical condition. To the contrary, Defendant Foster referred the Plaintiff to the

psychiatrist for further treatment.

     Finally, MHM has no control over ADOC or PHS's actions following her turning

over the letter.  Defendant Foster was following prison protocol when she turned the letter

over as she had deemed it personal in nature.  Specifically, ADOC Administrative

Regulation 604, mandates that MHM and its personnel turn over all inappropriate

communications from prisoners.  This review process is similar to the review of prisoner

mail, which was upheld in *Owen v. Willie*, 117 F.3d 1235 (11ᵗʰ Cir. 1997).  The Plaintiff's

letter, because it was personal in nature and referenced Defendant Foster in a non-

professional context, is the equivalent of Mr. Boyd sending mail within the prison and

this would not alter the screening process.  If anything, there is a strong argument that

such communication should be subject to heightened screening.

     In conclusion, the evidence submitted with this Special Report clearly shows that

Defendant Foster, as an employee of MHM, never intentionally or recklessly acted to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. Additionally, there is no evidence that MHM intentionally or recklessly acted to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. As such, the Defendant contends that Plaintiff's allegations are frivolous, malicious, and fail to state a claim upon which relief can be granted, thereby warranting dismissal.

### D.    DEFENDANT MHM IS ENTITLED TO QUALIFIED IMMUNITY FROM ALL CLAIMS ASSERTED BY PLAINTIFF.

The Defendant is entitled to qualified immunity from all claims asserted by Plaintiff in this action. If Plaintiff was able to show, which he has not, that the Defendants were acting in their discretionary authority, the burden then shifts to Plaintiff to show that the Defendant violated clearly established law based on objective standards. *See Eubanks v. Gerwin*, 40 F.3d 1157, 1160 (11th Cir. 1994). Plaintiff must allege that the Defendant violated a right clearly established in a fact-specific, particularized sense. *Edwards v. Gilbert*, 867 F.2d 1271, 1273 (11th Cir. 1989), *aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County*, 5 F.3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the

individual. *Vonstein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1989)). In *Lassiter v. Alabama A&M University*, the Eleventh Circuit held that in order for qualified immunity to be defeated, preexisting law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." 28 F.3d 1146, 1151 (11th Cir. 1994).

The Defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or a District Court sitting within the Eleventh Circuit showing that, under the facts of this case, or lack thereof, it was clearly established that the alleged actions violated Plaintiff's constitutional rights.

### E.    PLAINTIFF'S CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT ("PLRA") BECAUSE HE FAILED TO SHOW THE EXISTENCE OF A "PHYSICAL INJURY."

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2005). Plaintiff's Complaint states that he cut himself. Therefore, the only physical injury in Plaintiff's Complaint is injury that he admittedly inflicted upon himself. As such, Plaintiff's claims are due to be dismissed.

### F.    PLAINTIFF'S CLAIMS ARE BARRED BY THE PLRA BECAUSE PLAINTIFF FAILED TO ESTABLISH THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (2005).

There are well-established grievance procedures for any inmate who wishes to voice a complaint regarding any medical treatment he has sought or received during his incarceration at the facilities.  In his Complaint, Plaintiff never states that he filed formal grievances against this Defendant or any other of the named Defendants and has failed to produce any evidence that he attempted such procedures. As such, Plaintiff did not exhaust his administrative remedies as is required under the PLRA and  his claims are therefore due to be dismissed.

## G.    NO FIRST AMENDMENT VIOLATION

The Plaintiff vaguely alleges that his First Amendment rights were violated because he received a behavioral citation for the personal letter he send to Defendant Foster.  It is important to note at the outset of this inquiry that the Eleventh Circuit has upheld the inspection and regulation of inbound and outbound prisoner mail, which is virtually identical to this matter. *See Owen v. Willie*, 117 F.3d 1235 (11th Cir. 1997). Defendant Foster interpreted the letter to be of a personal nature and personal correspondence to an employee such as Defendant Foster is prohibited per Alabama Department of Corrections.  Once that determination was made by Defendant Foster, any punishment or enforcement of ADOC policy was in the hands of Captain Knox and

prison officials.  This is nearly identical to a prison official's review of a letter and reprimanding the prisoner based upon the content of the letter, which has been held to not be a violation of the First Amendment. *Id.*  Therefore, the Plaintiff's claim of violation of the First Amendment are unfounded and due to be dismissed.

## III.    <u>CONCLUSION</u>

The Plaintiff's Complaint is due to be dismissed on its face and is further disproved by the evidence now before the Court.  Accordingly, the Defendant request that this Honorable Court either dismiss Plaintiff's Complaint, with or without prejudice, or, in the alternative, enter a judgment in its favor.

### *<u>ANSWER</u>*

_____Having filed the above Special Report as ordered by this Honorable Court, the Defendant hereby submits the following Answer to the Complaint filed by Plaintiff Courtney Boyd, ("Plaintiff"), states as follows:

### <u>FACTUAL ALLEGATIONS</u>

1.    Defendant admits Plaintiff filed this lawsuit alleging that his rights under the 1st, 8th, 14th Amendments to the United States Constitution have been violated.  Defendant denies that any such rights have been violated and demands strict proof thereof.

2.    Defendant denies that the Plaintiff has never filed a prior lawsuit relating to his imprisonment and demands strict proof thereof.

3.    Defendant admits that on October 4, 2007, Defendant Foster received a letter from Plaintiff

and that this letter was disclosed to Defendant Knox per Alabama Department of Corrections regulations.  The Defendant denies the remainder of the allegations concerning this letter and demands strict proof thereof.

4.      Defendant denies the remaining allegations contained in page 1 and demands strict proof thereof.

5.      Defendant denies the remaining allegations contained in Pages 2 through 3 and demands strict proof thereof.

## PRAYER FOR RELIEF

6.      Defendant denies each and every prayer for relief set forth in Plaintiff's Complaint. Likewise, Defendant states that Plaintiff is not entitled to any of the requested relief.  To the extent the Complaint makes any allegations of material fact, Defendant denies such allegations and demands strict proof thereof.

## DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the statute of limitations.

### Third Defense

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Fifth Defense

Plaintiff's actions are barred by the doctrine of waiver.

**Sixth Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Seventh Defense**

Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts

and/or omissions of persons and/or entities for whom Defendant is not responsible.

**Eighth Defense**

Plaintiff's claims are barred by the doctrine of qualified immunity.

**Ninth Defense**

Plaintiff's claims are barred by the doctrine of sovereign immunity.

**Tenth Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Eleventh Defense**

This Court lacks subject matter jurisdiction over this dispute.

**Twelfth Defense**

This Court is the improper venue in which to assert this action.

**Thirteenth Defense**

Plaintiff lacks standing to bring this action.

**Fourteenth Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

**Fifteenth Defense**

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

**Sixteenth Defense**

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

**Seventeenth Defense**

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged

wrongs asserted against Defendant.

**Eighteenth Defense**

Plaintiff's claims are barred because Defendant did not breach any duty Defendant allegedly

owed to Plaintiff.

**Nineteenth Defense**

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between

Defendant's actions and/or inactions and Plaintiff's alleged injuries and damages.

**Twentieth Defense**

Plaintiff's claims are barred because of the existence of superceding, intervening causes.

**Twenty-First Defense**

Plaintiff has failed to exhaust administrative remedies. 42 U.S.C. § 1997e(a) (2005).

**Twenty-Second Defense**

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state

a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

**Twenty-Third Defense**

Plaintiff's claims are barred because no personal, physical injury has been alleged and/or suffered

by Plaintiff. 42 U.S.C. § 1997e(e) (2005).

**Twenty-Fourth Defense**

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly

drawn. 18 U.S.C. § 3626(a)(1)(A) (2005).

**Twenty-Fifth Defense**

Plaintiff's claims are barred because Defendant did not act with deliberate indifference.

*See Estelle v. Gamble*, 429 U.S. 97 (1976).

### Twenty-Sixth Defense

Plaintiff's claims are barred because he has failed to comply with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

### Twenty-Seventh Defense

Plaintiff's claims are barred because he is seeking to question a medical judgment via injunctive relief.

### Twenty-Eighth Defense

To the extent Plaintiff seeks to recover attorney's fees, Defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

### Twenty-Ninth Defense

Plaintiff's claims for punitive damages violate Defendant's United States and Alabama constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### Thirtieth Defense

Defendant reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted,

*s/Nicholas P. Hebert*
Nicholas P. Hebert - ASB-2631-038H
Attorneys for Defendant
designated as Mental Health Management
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.

2450 Valleydale Road
Birmingham, AL 35244
Telephone: (205) 967-9675
Facsimile: (205) 967-7563
E-mail: hebert@sssandf.com

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **COURTNEY BOYD, #208921,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | **2:07-CV-961-WKW** |
| _____ | ) | |
| **SHAMEKA FOSTER, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

 **CERTIFICATE OF SERVICE**

        This is to certify that on June 30, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to non-CM/ECF participants.

                                        Respectfully submitted,

                                        *s/Nicholas P. Hebert*
                                        _____
                                        Nicholas P. Hebert - ASB-2631-038H
                                        Attorneys for Defendant
                                        designated as Mental Health Management
                                        SCOTT, SULLIVAN, STREETMAN & FOX,
                                        P.C.
                                        2450 Valleydale Road
                                        Birmingham, AL 35244
                                        Telephone: (205) 967-9675
                                        Facsimile: (205) 967-7563
                                        E-mail: hebert@sssandf.com

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COURTNEY BOYD, #208921, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | 2:07-CV-961-WKW |
| | ) | |
| SHAMEKA FOSTER, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DEBORAH CROOK

COMES NOW, the Defendant MHM, by and through its Regional Program Director, Deborah Crook, and pursuant to this Honorable Court's Order requiring the Defendant to provide an affidavit in support of its Special Report and Answer, submits the following affidavit:

1.      I am Deborah Crook and I am over the age of nineteen years and have personal knowledge of the facts contained in this affidavit.

2.      I am presently employed as the Regional Program Director for MHM.  On and about October 2, 2007, I was employed with MHM as the Program Manager for Alabama.

3.      I have reviewed the Plaintiff's treatment records and can testify to the following facts.

4.      On October 2, 2007, MHM employee, Shemekia Foster performed an evaluation session with Inmate Courtney Boyd, per his repeated requests.  The session was handled

in a professional manner and resulted in a referral to the psychiatrist, Dr. Ferrell.

5.      On October 4, 2007, Mr. Boyd sent Ms. Foster a letter addressing some of his personal issues. I have reviewed the letter and agree with Ms. Foster's assessment that the letter was inappropriate. The letter discusses Ms. Foster and Mr. Boyd's relationship in a context beyond the professional relationship and is inappropriate because it referenced her in a non-professional manner.

6.      Part of MHM's work in the Alabama Prison System is to work with the Alabama Department of Corrections and to follow ADOC rules and regulations. Specifically, Alabama Department of Corrections, Administrative Regulation No. 604 requires that communications such as Mr. Boyd's letter be turned over to ADOC for review and appropriate action. MHM and its personnel are required to follow ADOC guidelines as they work within ADOC's facilities and the rules and regulations set forth by ADOC are in place to ensure that the prison system is operated in a just and stable manner.

7.      Based on my review of Mr. Boyd's letter and my personal knowledge of the treatment provided, it is my opinion that at all times, Ms. Foster exercised the same degree of care, skill, and diligence as other similarly situated counselor would have exercised under the same or similar circumstances. Ms. Foster did as she was required to do and adhered to the appropriate standard of care in following Alabama Department of Correction guidelines.

Further Affiant saith not.

_Deborah Crook_
Deborah Crook
Regional Program Director, MHM

STATE OF ~~ALABAMA~~ Missouri )
___Cole___ COUNTY )

Sworn to and subscribed before me this
the _1st_ day of _July_ , 200

_Sharon A Thompson_
NOTARY PUBLIC
My Commission Expires: _8-7-10_

SHARON A THOMPSON
Notary Public-Notary Seal
State of Missouri, Cole County
Commission # 06923828
My Commission Expires Aug 7, 2010